1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17

| | | |
|---|---|---|
| ALEX R. SAMARO, | ) | No. C 11-05010 EJD (PR) |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| GARY SWARTHOUT, Warden, | ) | |
| Respondent. | ) | |

18       Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of

19   habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction.

20   Petitioner has paid the filing fee.  (See Docket No. 1.)

21
22                            **BACKGROUND**

23       According to the petition and the attachments thereto, Petitioner was found

24   guilty by a jury in Santa Clara County Superior Court of robbery in concert of an

25   inhabited dwelling, use of a firearm, gang enhancement, first degree burglary with

26   an inhabitant present, aggravated assault, possession of methamphetamine for sale,

27   and transportation of methamphetamine.  (Pet. at 2.)  On March 21, 2007, Petitioner

28   was sentenced to 23 years to life in state prison.  (Id.)

1    Petitioner appealed his conviction.  The state appellate court affirmed the

2    conviction, and the state high court denied review on October 13, 2010.  (Id. at 3.)

3    Petitioner filed the instant federal habeas petition on October 11, 2011.

4

5                                       **DISCUSSION**

6    A.     Standard of Review

7           This court may entertain a petition for a writ of habeas corpus "in behalf of a

8    person in custody pursuant to the judgment of a State court only on the ground that

9    he is in custody in violation of the Constitution or laws or treaties of the United

10   States."  28 U.S.C. § 2254(a).

11          It shall "award the writ or issue an order directing the respondent to show

12   cause why the writ should not be granted, unless it appears from the application that

13   the applicant or person detained is not entitled thereto."  Id. § 2243.

14   B.     Legal Claims

15          Petitioner raises the following claims for federal habeas relief: (1) ineffective

16   assistance of counsel; (2) prosecutorial misconduct; (3) judicial misconduct; (4)

17   there was insufficient evidence to support the gang enhancement; and (5) Petitioner

18   was denied his right to cross-examine a witness.  Liberally construed, these claims

19   appear cognizable under § 2254 and merit an answer from Respondent.

20

21                                       **CONCLUSION**

22          For the foregoing reasons and for good cause shown,

23          1.     The Clerk shall serve by certified mail a copy of this order and the

24   petition and all attachments thereto on Respondent and Respondent's attorney, the

25   Attorney General of the State of California.  The Clerk also shall serve a copy of this

26   order on Petitioner.

27          2.     Respondent shall file with the court and serve on petitioner, within

28   **sixty (60) days** of the issuance of this order, an answer conforming in all respects to

*United States District Court*
*For the Northern District of California*

Order to Show Cause
G:\PRO-SE\SJ.EJD\HC.11\05010Samaro_osc.wpd                2

Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing SJ Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

4.    Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must also keep the Court and all parties informed of any change of address.

DATED: _____5/21/2012_____          
                                    EDWARD J. DAVILA
                                    United States District Judge

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


ALEX RAY SAMARO,

             Petitioner,

  v.

GARY SWARTHOUT, Warden,

             Respondent.

_____/

Case Number: CV11-05010 EJD

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____5/21/201_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Alex R. Samaro G-11990
California State Prison (Solano)
P. O. Box 4000
Vacaville, CA 95696


Dated: _____5/21/2012_____

                          Richard W. Wieking, Clerk
                      /s/By: Elizabeth Garcia, Deputy Clerk