1
2
3
4 UNITED STATES DISTRICT COURT
5 NORTHERN DISTRICT OF CALIFORNIA
6
7 ALEX R. SAMARO, JR.,

    Petitioner,

    v.

DAVID DAVEY, Warden,

    Respondent.

Case No. 11-cv-05010-JST (PR)

**ORDER DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFING**

On October 11, 2011, petitioner filed his original habeas petition in this Court.[1] On January 9, 2013, this Court granted respondent's motion to dismiss for failure to exhaust claims in state court, and allowed petitioner to seek a stay of his petition while he returned to state court to exhaust the unexhausted claims. Petitioner's motion to lift the stay was subsequently granted, and his amended petition was filed on July 15, 2013. On November 10, 2014, this Court granted respondent's motion to dismiss certain claims in the amended petition as unexhausted or untimely and directed respondent to answer the remaining claims.

Respondent has filed an answer, and petitioner has filed a traverse. A review of respondent's brief shows that respondent has not fully addressed all of petitioner's claims. For example, respondent does not address petitioner's sub-claims that: (1) counsel was ineffective for failing to object to the victim's in-court identification of petitioner, ECF No. 14 at 12, claim 1.2; and (2) the prosecutor committed misconduct by discriminating on the basis of race in jury

---

[1] Petitioner originally named Gary Swarthout, former warden of California State Prison – Solano, as the respondent in this action. Petitioner later named B. Gower, warden of California Correctional Center, as the respondent. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, David Davey, the current warden of California State Prison – Corcoran, where petitioner is currently incarcerated, is hereby SUBSTITUTED as respondent in place of petitioner's prior custodians.

selection, ECF No. 14 at 13, claim 2.4.  Respondent also fails to address petitioner's claims that: (1) the failure to give a unanimity instruction on the assault count violated petitioner's due process rights, ECF No. 14 at 15, claim 3.4; and (2) the statutory sentence for robbery in concert in an inhabited dwelling with a gang enhancement was cruel and unusual punishment in violation of the Eighth Amendment, ECF No. 14 at 15, claim 3.2.

Accordingly, respondent is ordered to file a supplemental answer addressing the merits of all of petitioner's claims and subclaims within **sixty (60) days** of the filing date of this order. Petitioner may file a supplemental traverse within **thirty (30) days** thereafter.

The Clerk is directed to substitute David Davey on the docket as the respondent in this action.

IT IS SO ORDERED.

Dated:  March 10, 2016

_____
JON S. TIGAR
United States District Judge